## J. J. NEWMAN LUMBER CO. *v.* IRVING.

[79 South. 2, In Banc.]

1. MASTER AND SERVANT. *Fellow servant. Abrogation of doctrine. Application of statute.*

Chapter 184, section 1, Laws 1908, abolishing the fellow-servant doctrine with reference to employees of a railroad or others using engines or cars propelled by steam, etc., and running on tracks was meant to protect all employees subject to the peculiar hazard incident to the operation of railroads and where an employee of a lumber company was injured by the negligent operation of its skidder, a car or part of a car operated by steam, for drawing logs to its railroad track, to which the employee had attached its cable, in such case the statute applies and the employee can recover.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by Charley Irving against the J. J. Newman Lumber Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for appellant.

We insist that the motion to exclude the appellee's testimony and for a permptory instruction should have been granted. Assuming for the sake of argument that the operation of the drum was negligent, still under the facts of this case, the appellee was not entitled to recover unless it be held that the doctrine anounced in *Hunter* v *Ingram Day Lumber Company,* 110 Miss. 745, 70 So. 109, is to be materially extended. In that case the injured employee was engaged in assisting the loading of the logs drawn up on the cars running on the tracks to be carried to the mill. In the instant case the logs were to be carried up to the track and were to be there placed and separate and distinct crews were to place them on the cars to be carried off, after the skidder force had placed them adjacent to the track. The skidder in question while it rests on tracks during the period of operation it was made stationary by guy wires extending in different directions and in the condition could not move in order along or upon the tracks. With the case at bar, an examination of all the facts will disclose that the appellee was injured solely by his own negligence. He tells us himself that after he had tonged the log he stepped out and gave the signal to the drummer to draw it in; that the drummer applied the steam; that the log was moving along when its passage was obstructed by a stump and he thereupon flagged the drummer, who stopped and that he went in and released the log from the obstruction and before he got out of the way the steam was reapplied and it hit him. That was denied of course by the drum man, who says that the signal given was the signal to move up. However, we insist that there was not such a state of facts as would justify the submission of the case to the jury. If so, then the question of "running on tracks" would have nothing to do with the liability of the appellant. It would be

just as much liable to one of its employee's, who felled the timber to be skidded as it would be to the appellee. The question for consideration would be what were the trees to be used for and were they to be transported to the mill and not the classification of the service in which the injured employee was engaged. We respectfully submit that this case should be reversed and dismissed.

*Currie & Currie,* for appellee.

The appellee contends that section 1 of chapter 194 of the Laws of Mississippi of 1908, page 204, controls the case and that the fellow servant rule has no application.

The act referred to is as follows: ''Section 1. Every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not so employed.'' The language of this act applies not only to a railroad corporation or their employees, as are allowed by law to other persons not employed.

The language of this act applies not only to a railroad corporation operating such instrumentalities, but all other corporations and individuals using such instrumentalities. The skidder was in fact a car provided with the necessary machinery and appliances, running on wheels on the railroad track, provided with its own engine and boiler and produced its own steam and locomotion, and certainly falls within the language ''or cars of any kind or description whatsoever propelled by

the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks.''

The statute settles the case. *Hunter* v. *Ingram-Day Lumber Company,* 70 So. 901; *Ellis* v. *Bear Creek Mill Company* (unreported). But, independently of this statute the appellant cannot avail itself of the fellow-servant rule because it was the nondelegable duty of the master to furnish appellee a safe place to work and to see to it that the apparatus furnished, with which to do the work, was properly used. And the record in this case shows that the master failed to perform this duty. More deadly and dangerous, place, and apparatus, at and with which the appellant furnished the appellee to work, could scarcely be imagined, and we cite as decisive of this principle the case of *Edwards* v. *Haynes Walker Lumber Company,* 74 So. 284.

We respectfully submit that the fellow-servant rule cannot be availed of by the appellant and the judgment ought to be affirmed.

SYKES, J., delivered the opinion of the court.

The appellee, Charley Irvin, recovered a judgment in the circuit court against appellant lumber company for personal injuries, from which judgment this appeal is prosecuted.

The only question presented for our decision is whether or not section 1, chapter 194, of the Laws of 1908, which section abolishes the fellow-servant doctrine with reference to employees covered by it, is applicable to this case. If applicable, the appellee is entitled to recover; otherwise he would not be.

The testimony in the case shows that appellant lumber company owns and operates a logging railroad, upon which railroad engines and cars are run, and that these engines are propelled or operated by steam. The appellant company owns and operates what is called a ''skidder'' in connection with its business. This skidder is a car or an attachment to a car which is operated

by steam. Its operation is controlled by one man. By virtue of certain levers cables can be run from the skidder into the woods and pulled from the woods back to the skidder. When the cable reaches the proper place in the woods, tongs on it are attached to a log, and the log is then pulled by this cable to the skidder. At the time of the injury Charley Irvin had attached some tongs to a log, and it was being drawn to the skidder. Because of the negligence of the man operating the skidder Irvin was injured. When the skidder is operating, pulling the logs from the woods, as in the case under consideration it is anchored or tied to the track and is stationery during the operation. After the logs are brought to the railroad track by the skidder they are then loaded onto other cars by a separate appliance called a loader.

The testimony in this case shows that the skidder is a car or a part of a car, and that the cables which draw the logs to it are operated by steam. It is a necessary incident to the operation of the railroad for the logs to be brought to the railroad track, and in this case these logs are brought to the track by the cables which are controlled and operated from the skidder which is in fact a stationary car upon the railroad track operated by steam.

The statute above mentioned was meant to protect all employees subjected to the peculiar hazards incident to the operation of railroads. It is necessary in the proper operation of a logging railroad for the logs to be brought to the railroad track. In bringing them to the track the appellant company used a car operated by steam called a skidder. The appellee was injured while assisting in the operation of this skidder and is protected by this act. *Hunter* v. *Ingram Day Lumber Co.*, 110 Miss. 745, 70 So. 901; *Railroad Co.* v. *Pontius*, 157 U S. 209, 15 Sup. Ct. 585, 39 L. Ed 675.

*Affirmed.*