HUNTER *v.* INGRAM-DAY LUMBER CO.

[70 South. 901.]

1. MASTER AND SERVANT. *Fellow servant. Statute. Railroad. Injury to employee. Neglect of fellow servant. Abrogation of doctrine.*

A railroad equipped with cars propelled by steam and run on tracks including a "skidder" operated by steam, to draw logs to the cars by means of a cable, and a "ladder," which was operated by steam, and to load the logs on the cars, is such a railroad as is contemplated by Laws 1908, chapter 195, section 1, which provides that "every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever propelled by the dangerous agencies of steam, electricity, gas, gasoline, or lever power and running on tracks, shall have the same rights, and remedies for any injury suffered by him from the act or omission of such railroad corporation or others or their employees as are allowed by law to other persons not employed.

2. Master and Servant. *Injury to employee. Negligence of fellow servant.*

Where plaintiff an employee of a lumber company was injured while employed in loading one of its cars by means of a steam "loader" by reason of the failure of a fellow servant who was engaged in operating a steam "skidder" to give the usual warning signal, he was within the protection of Laws 1908, chapter 194, section 1, and may recover for injuries sustained by reason of the negligence of a fellow servant.

Appeal from the circuit court of Harrison county.

Hon. J. G. Ballenger, Judge.

Suit by Joe Hunter against the Ingram-Day Lumber Company. From an order sustaining a demurrer to plaintiff's declaration, he appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

*J. A. Leathers,* for appellee.

Potter, J., delivered the opinion of the court.

The appellant in this case, plaintiff in the court below, filed his declaration consisting of three counts. In the first count the plaintiff alleged that he was employed by the defendant and the defendant failed to furnish a reasonably safe place to work, in that the defendant was engaged in loading logs with a "skidder and a loader." The said skidder and loader were carried out on the defendant's railroad line into the woods where logs are loaded on the cars. The skidder is a machine on which a drum is attached to which are cables extending out into the woods, to the ends of which cables are attached tongs to be fastened on the logs in the woods some distance away. The skidder was operated by steam, and, by the cable mentioned, drew the logs to the tracks to be loaded on the cars. Immediately next to the skidder is the loader, which is a machine or car on which there is a derrick to which is attached a cable, and to the end of this tongs

are attached to be fastened onto the logs so they could be hoisted on the cars. The loader was also propelled by steam. In defendant's employ were a number of men necessary to operate said skidder and loader, some to attach the tongs to logs in the woods, others to detach them at the skidder, and others to attach the tongs to logs to be loaded on the train. Appellant's duties under his employment were to attach the tongs belonging to the loader onto the logs after they were brought in by the skidder, and to attach the tongs of the loader to "tops" that might be drawn in so as to throw them out of the way. In loading the car with this skidder and loader arrangement the defendant had in its employ a servant whose duty it was to blow a whistle as the logs drawn by the skidder would come near the place where they were to be deposited to be loaded on the cars, and it was this servant's duty also to operate the skidder. This whistle was blown for the purpose of warning the employees to get out of the way of incoming logs. Appellant knew of this custom, and relied on the customary signal being given him as the logs were drawn in. At the time the appellant was engaged in the performance of his duty attaching the tongs of the loader to "tops" that had been drawn so as to throw them out of the way, and while he was engaged in doing this it is alleged the defendant's servant whose duty it was to blow the whistle of warning as the logs were being drawn in negligently failed to blow the whistle and give the warning, and a log that was at that time being drawn into the place where appellant was at work with his back turned struck another log in close proximity to appellant and drove the last log against appellant's leg and crushed it against the railroad track, severely injuring him.

The second count of the declaration alleged that there was a further rule and custom to have another servant known as a flagman whose duty it was to flag the operator of the skidder when a log was to be drawn in, so that the operator of the skidder would know exactly when to blow the warning whistle, and that this flagman was stationed

and maintained by the defendant for that specific purpose, and was kept there all the time so that he could give the skidder operator warning of the approach of the log, so that the skidder operator might blow the whistle, and that this flagman negligently failed in giving the necessary signal on the approach of the log being drawn in on this occasion, and consequently the plaintiff was injured.

A third count combines the negligence alleged in the first and second counts.

The sole question presented for the decision of the court is whether or not the employee to whom defendant had delegated the duty of warning appellant when logs were being drawn in was a fellow servant of the appellant.

At the time the appellant was injured he was an employee of the lumber company which had in operation a railroad used in hauling logs, and this railroad was equipped with cars propelled by steam and the cars ran on tracks. Section 1 of chapter 194 of the Laws of Mississippi of 1908, at page 204 provides that:

"Every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed."

In *Construction Co.* v. *Heflin,* 88 Miss. 314, 42 So. 174, this court held that section 193 of the Constitution, abrogating the fellow-servant rule as to certain classes of employees of a "railroad corporation," applied only to commercial railroads, and did not apply to railroads owned and operated as an adjunct to the main business of the owners, although the equipment of such railroad companies, other than commercial railroads, were of the same nature and kind as the equipment of commercial railroads, and although the hazards of other classes of rail-

roads were the same kind and degree as of commercial railroads. The intent and purpose of the Act of 1908 above quoted was to extend to the employees of railroads other than commercial railroads the same protection that is extended by section 193 to certain classes of employees of commercial railroads. In other words, it was the intention of the legislature in passing this act to put all employees employed in and about the dangerous business of railroading in the same category with reference to the fellow-servant law. The plaintiff in this case cannot recover unless the duties assigned to him exposed him to the peculiar hazards incident to the use and operation of railroad trains. It is therefore necessary to determine in passing upon this case whether or not the employment in which the plaintiff was engaged at the time he was injured according to the allegations of the declaration was such as brought him within the protection of the statute in question.

The defendant company, by whom the plaintiff was employed, owned and operated the railroad in question. This railroad was equipped with engines and cars. propelled by steam and running on tracks, and, in so far as the equipment is concerned, it is certain that appellant's employer's outfit was such as is contemplated by the statute. The entire system that appellee had in operation at the time the appellant was injured was an arrangement to load cars that were propelled by steam and run on tracks, and the plaintiff at the time of his injury was engaged in loading one of appellant's cars on the railroad in question. It is not necessary in order for a person to recover under the terms of the fellow-servant statute of 1908 that such person be injured by the actual running or movement of the cars. The legislature, acting within its discretion, has determined that all persons working in and about the operation of railroad trains are engaged in a hazardous business and are entitled to the protection afforded by the statute in question. All work in and around the operation of railroad trains is necessarily dan-

gerous, whether that work has to do with the movement of cars or the loading of same, or any other employment in the operating department of a railroad.

The very question in issue in a case almost identical on a statute similar to our own has been decided by the supreme court of the United States in the case of the *Chicago, Kansas & Western R. R. Co.* v. *Pontius,* 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675. In that case Mr. Chief Justice Fuller, made the following summary of the facts:

"Pontius brought an action against the railroad company in the district court of Dickinson county, Kan., to recover for injuries sustained by him while in the employment of the company, and obtained judgment for two thousand dollars. The case was taken on error to the supreme court of the state, and the judgment affirmed, whereupon a writ of error was allowed from this court, and, the cause having been docketed, a motion to dismiss the writ or affirm the judgment was submitted.

"In the opinion of the supreme court of Kansas, reported 52 Kan. 264, 34 Pac. 739, the case is stated thus: 'Clifford R. Pontius was employed by the defendant company as a bridge carpenter, and worked in that capacity at various points on the line of defendant's road. A bridge was constructed across the Verdigris river, in Greenwood county. The false work used for support in its construction was taken down, and the timbers of which it was composed were hoisted and loaded into cars on the bridge to be transported to some other point on defendant's road. The timbers were muddy and slippery. The mode of hoisting them was to attach a rope or chain to the timbers, and to raise them by means of a pile driver. When a stick was raised to a sufficient height, a rope was thrown around the lower end of it, and a number of men, of whom plaintiff was one, would pull it out on the car. A chain had been used on the end of the rope to hold timbers which were being hoisted, and several pieces had been raised in that way. The chain, however, was thrown aside, and one piece was raised with the rope. When the men undertook to pull

it back on the car, the rope slipped off, the timber fell and caused the injury, for which the plaintiff sues.' "

And in deciding the case, Justice Fuller said:

"It is now contended that the plaintiff was a bridge builder; that the legislation only applied to employees exposed to the peculiar hazards incident to the use and operation of railroads; that the railroad company could not be subjected to any greater liability to its employees who were engaged in building its bridges than any other private individual or corporation engaged in the same business; and that the statute had been so construed in this case as to make the company liable to its employees when engaged in building its bridges, notwithstanding bridge building was not accompanied, and had not been treated by legislation as accompanied, by peculiar perils, thus discriminating against the particular corporation irrespective of the character of the employment, in contravention of the Fourteenth Amendment. But the difficulty with this argument is that the state supreme court found upon the facts that, although the plaintiff's general employment was that of a bridge carpenter, he was engaged at the time the accident occurred, not in building a bridge but in loading timbers on a car for transportation over the line of defendant's road."

We see practically no difference in the Kansas statute above mentioned and our own statute of 1908, and the employment in which the plaintiff in the *Pontius Case* and the plaintiff in this case were engaged at the time of injury is about the same. We think it clear that at the time the plaintiff was injured that both he and the persons whose duty it was to give the signals were employed in and about loading the car in question, and that, the fellow-servant doctrine having been abrogated as to such employees by chapter 194 of the Laws of 1908, the declaration in question states a cause of action, and the demurrer should have been overruled.

*Reversed and remanded.*