ELLIS *v.* BEAR CREEK MILL CO.

[78 South. 706, Division A.]

1. MASTER AND SERVANT. *Fellow servant. Statute.*

Under Laws 1908, chapter 194, section 1, abrogating the fellow-servant rule as to employees of railroads; a "tonger" of a lumber mill company, who, while loading logging cars on its logging railway, was injured by the negligence of a fellow servant, employed by the mill company in handling logs to the train from the woods, could recover for such injuries, since he was engaged in and about the operation of the logging railway when injured, and although the employment of the fellow servant may have been in another department of labor, still it was one of the duties incidental to the operation of the railroad so that the fellow servant's negligence was one of the risks and perils incident to the "tonger's" employment.

2. MASTER AND SERVANT. *Injuries to servant. Negligence of fellow servant. Question for jury.*

Where a "tonger" while engaged in loading a logging car, was injured by a fellow servant's permitting a log to roll from his wagon, the question of such fellow servant's negligence was a question for the jury.

APPEAL from the circuit court of Green county.

HON. R. W. HEIDELBURG, Judge.

Suit by Jesse Ellis against the Bear Creek Mill Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Stevens & Cook,* for appellant.

As will be easily perceived from an examination of the record, the basis of appellee's motion for a peremptory instruction and of the action of the court in sustaining the motion is that Box was a fellow-servant of appellant, Ellis, and that Box was not engaged in the performance of any duty pertaining to the actual loading of the car; that the injury was solely caused by Box's negligent act in releasing the log from the wagon; that Ellis is not protected by chapter 194 of the Laws of 1908 giving railroad employees the same rights and remedies for injuries caused by an act or omission of the railroad company or its employees as are allowed by law to other persons not employed. The court held that Box was simply the driver of a team of appellee and that his act in bringing up a load of logs and placing the loaded wagon at the landing and his releasing the chain from around the logs had no direct connection with the loading of the log car, and that therefore his negligence in releasing the load was not in connection with any operation of the logging train or of any duty connected with the loading of the train; that therefore Ellis, being his fellow servant is not entitled to recover of the appellee, the master, on account of such negligence. The lower court, in other words adopted the view that to enable Ellis to recover, the negligence of his fellow servant, Box, must have been in connection with the actual loading of the logging car, that the act of Box in placing the load in close proximity to where appellant was tonging and in releasing the chain

from around the logs was disassociated and discon-
nected from the loading opperations.

The first question, therefore, which we desire to dis-
cuss is, whether or not at the time Box was guilty of
the negligent conduct complained of he was in reality
performing a part in the loading of the car of logs.
We confidently lay down the proposition that he was
so contributing; that he was in effect at that moment
a part of the loading crew and performing a necessary
duty in and about the loading of the car of logs. If
this is true, then, according to appellee's own admis-
sion, the appellee; company is responsible to appellant
in damages for appellant's injuries.

He was not employed simply to bring logs from the
woods, but in addition to this he was employed and
under the duty to place his load of logs alongside the
tongs in convenient places to be tonged and to so un-
fasten the logs as that they might be lifted from his
wagon by the derrick and tongs. It was in the per-
formance of the latter duty that Box was negligent
and this duty was directly connected with the loading
operations. This court has held in the case of *Hunter
v. Ingram Day Lumber Company,* 110 Miss 744, that an
employee engaged in tonging logs for a steam loader,.
like the one in use by appellee, comes within the class
of employees protected by chapter 194, Laws of 1908.
We regard the latter case as decisive of the instant
case. Under the facts in the instant case there can be
no serious question that Box was a fellow-servant of
appellant and engaged at the time of the injury about
the same department of work, to wit, the loading of
logs into a logging car. This being the case appellant
comes within the exception of the statutes and is pro-
tected from the rigors of the common-law fellow-servant
rule.

But whether or not it is true that Box was perform-
ing a duty in connection with the actual loading of the
car when he committed the negligent act complained

of, we submit that appellee company is liable in damages to appellant nevertheless. It is undisputed that appellant belonged to that class of employees excepted in the fellow-servant doctrine by the statute, being engaged as he was in and about the operation of the loader and train of cars. In the course of the performance of his duties he is injured by the act of a fellow servant engaged in the performance of a duty that brought him in close contact with appellant and which duty was a necessary one in the course of appellee's logging operations and which had a direct connection with the very operations in which appellant and his crew were engaged. Box's act was entirely disassociated from the very duties that appellant was performing, but were done and performed in the futherance of the master's business in the same identical department and line of work in which appellant was engaged. The doing of the things which Box doing constituted a part of the dangers incident to the loading of cars by steam power and to the dangers of railroading. At the very moment appellant was hurt his entire attention was necessarily riveted upon the log which he was tonging and the engineer who was directing and commanding his services, and was under the necessity of watching the log and the dangerous cables and derrick not only to see that his duty had been performed correctly but also to avoid danger to himself from the swinging of the log which he had tonged. Both he and Box and their several duties were necessary and essential in the transportation of the logs and in the operation of the logging train. The purpose of the statute, as said by Chief Justice WHITFIELD in the case of *Ballard* v. *Oil Company,* 81 Miss. 565, "Was to give its benefit to employees engaged in the hazardous business of operating railroads."

And these benefits have been extended since Justice WHITFIELD's announcement, to the employees of "all other corporations and individuals using engines,

locomotives or cars of any kind, or description what-
soever, propelled by the dangerous agencies of steam,
electricity, gas, gasoline or lever power, and running
on tracks." Appellant was certainly injured on ac-
count of a hazard incident to loading by means of the
steam loader, and comes within the provisions of the
statute. The construction put upon the statute in
the instant case by counsel for appellee and adopted
by the learned Judge below, is entirely too narrow,
technical and strained. The statute provides that an
employee engaged in the hazardous occupations men-
tioned "shall have the same rights and remedies for
an injury suffered by him from the act or omission
of such railroad corporation, or others, or their em-
ployees, as are allowed by law to other persons not
employed."

If it should be argued that Box was not engaged in
loading or assisting to load the car in question, and
that his duties were not directly connected with the
loading of the car, then it would follow that he was en-
gaged in a separate department of work but connected
with the general operation of the logging railway, and
his negligence in the performance of his duty in this
separate department of work would render the appellee
company liable under section 193 of the Constitution
of Mississippi. In other words, if Box and appellant
were fellow-servants but engaged in separate depart-
ments of work, appellee would be liable to appellant
for the negligence of Box.

The statute undertakes to classify the employees in-
jured and to relieve them from the hardships of the
old fellow-servant rule rather than to classify the
persons committing the act of negligence that caused
the injury. Whether Box in the present case was en-
gaged or not in loading the car certainly appellant
was so engaged, and the classification of the statute
undoubtedly covers appellant. The injury was caused

by one of the hazards of the very business in which this fellow employee was working. It was caused by the negligence, admittedly of a fellow employee. Therefore appellant is protected by the beneficent provisions of the statute abolishing the fellow-servant rule as to employees in his class.

In connection with the contentions hereinbefore made, we refer to the cases of *Hunter* v. *Ingram-Day Lumber Co.,* 110 Miss. 744; *Lockman* v. *Alabama & V. Ry. Co.,* 77 So. 793, Advance Sheets Southern Reporter of March 16, 1918; *Railroad Co.* v. *Pontius,* 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675.

Upon the proposition that the classification intended to be made by Laws of 1908, chapter 194, amending Code 1906, section 4056, so as to abolish the fellow-servant rule in actions for injuries to employees of railroads, etc., embraces within its scope appellant, we cite the case of *Easterling Lumber Company* v. *Pierce,* 106 Miss. 572, 64 So. 461.

For another case of injury to a railway employee injured while helping to load a car by the negligence of the fellow servant, see *Lockman* v. *Alabama & V. Ry. Co.,* 77 So. 793, Advance Sheets March 16, 1918.

The case of *Illinois Central R. R. Co.* v. *Ford, et al.,* 108 Miss. 616, 67 So. 146, holding that section 4043, Code 1906, prohibiting the running of locomotives and cars through cities, etc., at a rate of speed in excess of six miles an hour, is applicable where the party injured was an employee of the railroad company and working on its tracks is in point upon the proposition that appellant in the instant case comes within the protection of the Law of 1908, chapter 194.

The action of the lower court in directing a verdict for the defendant was erroneous manifestly for another very sufficient reason, namely, that it is charged in the declaration that appellant was not furnished a safe place in which to do his work. *Edwards* v.

*Haynes-Walker Lumber Co.,* decided March 5, 1917, and reported at 74 So. 284.

But if it be answered by counsel for appellee that the place was rendered unsafe by the single act of Box in releasing the chain and thereby permitting the top log to roll off the load we find a complete answer in the Edwards case just cited where the single act of a fellow servant in starting up sawmill machinery before the accustomed hour for operating the machinery resulting in personal injury to Edwards and which injury formed a basis of the claim for damages in that case.   The court correctly held that the duty was on the master not only to furnish a safe place, but that this duty is a continuing one, cannot be delegated to an employee.   Labatt's Master & Servant (2 Ed.), section 1110; *Oil Co.* v. *Ellis,* 72 Miss. 191, 17 So. 214.

We refer the court to Mr. Labatt's valuable discussion of the "duty of the master to conduct the business upon a safe system" found in chapter 48 of Labatt's Master and Servant, second edition, especially sections 1110 and 1111, which latter sections are upon the point immediately under discussion.

We submit, with equal confidence, that appellant made out his case in the court below under fourth count of the declaration, which count charges the dangerous custom hereinbefore referred to and the conduct of the other employes of appellee and the further fact that although appellee was under the duty to warn appellant of the impending danger, no warning was in fact given appellant; and that but for this omission to warn appellant his injury would not have occurred.   See Labatt's Master and Servant, second edition, sec. 1112, et seq.

*Watkins & Watkins,* for appellee.

In the case of *Railroad Co.* v. *Hughes,* 49 Miss. 258, on page 285, the following language was used by Mr.

Justice SIMRALL who delivered the opinion of the court: "Who are fellow servants within the rule? Those who are co-working in the same common enterprise, under the same master, and compensated by him. Difference in wages of work does not affect the question, if the general business is the same. The conductor, engineer, brakeman and fireman are fellow servants with the same employes on every other train. So they are with the switch tenders, the track repairer or watcher of trains to give signals, in a common employment with the engineer, conductor, and fireman of a train. *Hard v. Vermont & Canada R. R. Co.*, 32 Rev. 472; *Wilson v. Madison, etc., R. R. Co.* 18 Ind. 226; *Poston v. Railroad Co.*, 4 Jones (N. C.) 246; *Slattery v. Railroad Co.*, 23 Ind. 81; *Coon v. Railroad Co.*, 5 N. Y. 492." *L. N. O. & T. R. R. Co.* v. *Petty*, 67 Miss. 255; *Lagrone v. Railroad Co.*, 67 Miss. 592; *Willis Givens v. So. Ry. Co.*, 94 Miss. 830; Labatt on Master and Servant, par. 1418. For instance as to what constitutes common employment see Labatt Master and Servant, par. 1432, note 1; *Bradford Construction Co.* v. *Heflin*, 88 Miss. 314. There can be no doubt about the fact that, under the common law Box and the appellant were fellow servants. We take it that appellant's counsel will concede this much. It is contended, however, that the appellee is liable for the negligence of Box, if any there was (which is denied, and which we will discuss under a subsequent paragraph) by reason of section 1, chapter 194, of the Law of Mississippi, year 1908, which provides as follows:

"Every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such rail-

road corporation or others, or their employees as are allowed by law to other persons not employed.

The act of the legislature above referred to must be construed with respect to the character and nature of the employment in which not only the injured person is engaged, but also in respect to the employment in which the alleged negligent servant is engaged. In other words, under the act in question, the appellant would have a right of action against the appellee for the negligence of any servant engaged in the hazardous occupation of operating moving trains. In the present instance, Box was not engaged in such occupation. The reason of such law is made very clear in the case of *Construction Co.* v. *Heflin*, 88 Miss. 314.

Counsel refer to the case of *Ill. Cent. R. R. Co.* v. *Ford*, 108 Miss. 616. In that case a section foreman of a railroad company was injured by the engineer of a locomotive, and it was held by the court that the master was liable under the legislative enactment in question. In other words, the plaintiff was exposed to the hazard of the operation of trains and was injured by the negligence of a servant engaged in such hazardous occupation; therefore, the court held that the section applied.

Counsel also refer to the case of *Railroad Co.* v. *Pointus*, 39 L. Ed. 675, which is subject to the same discrimination. The case of *Lochman* v. *A. & V. R. R. Co.* (Miss.), 77 So. 793, falls within the same discrimination.

We are referred also to the case of *Hunter* v. *Ingram-Day Lumber Co.*, 70 So. 901, 110 Miss. 744. In that case, the injured party was tonging logs for a loader. The logs were intended to be drawn upon cars for transportation to the company's mill. The logs were dragged onto the track by means of a skidder operated by steam. When the logs came to the track it was the plaintiff's duty to tong them, just as the appellant tonged the logs in question under his employment.

In that case, however the question turned, not upon whether the party whose negligence caused the injury was a fellow servant or not but upon whether the master furnished the plaintiff with a safe place to work or not; and the plaintiff's ground of complaint was that as the logs were dragged in from the woods, the master owed him the duty to notify him of the approach of the logs in order that he might get out of the way. The case of *Edwards* v. *Haynes Lumber Co.*, 74 Mo. 284, cited by counsel for appellant, is likewise inapplicable.

We respectfully submit that the appellant and Box were fellow servants, and if Box was guilty of any negligence the appellee was not liable therefor.

The case of *Hunter* v. *Ingram-Day Lumber Co.*, is exactly within the rule announced in the case of *Mississippi Cotton Oil Co.* v. *Ellis*, 72 Miss. 191. In that case the injured plaintiff was painting a tank car under a shed for the oil mill. The oil mill employed a certain employee whose duty it was to warn him of the approach of the cars. This employee was negligent. The plaintiff was injured by reason of the fact that cars were moved up and struck the tank cars about which he was working. It was the claim of the defendant at the trial of the suit that the employee whose duty it was to warn the plaintiff of the approach of the train was a fellow servant, and that the defendant oil mill was not liable for his negligence. The court very properly said that it was the duty of the oil mill to furnish him a safe place to work; that duty was nondelegable, and that if the service was performed by some employee such employee was in the performance of a nondelegable duty of the master and the master was liable for his negligence.

The case of *Easterling Lumber Co.* v. *Pearce*, 106 Miss. 672, 59 L. Ed. 279, illustrates the idea which we are endeavoring to develop. *M. O. Pac. Ry. Co.* v.

*Mackey,* 32 Law Ed. 107; *Santa Clara County* v. *Southern Pac. R. R. Co.,* 118 U. S. 394 (30: 118); *Pembina Con Silver Min. Co.* v. *Pennsylvania,* 125 U. S. 191 (31:650); *Mo. Pac. R. R. Co.* v. *Humes,* 115 U. S. 512; *Barbier* v. *Connolly,* 115 U. S. 27; *Soon Hing* v. *Crowley,* Id. 703; *Construction Co.* v. *Heflin,* 88 Miss.; *Johnson* v. *Great Northern R. R. Co.* (Miss.), 18 L. R. A. (N. S.) at page 480.

Appellant claims that a safe place to work was not furnished him. (A) Appellant's counsel in their brief, seem to divide this complaint into two heads, first complaining that the appellant's place to work was rendered unsafe by reason of the fact that Box drove the wagon up in proximity to the landing and loosed the chain and let the log fall therefrom. We do not contend that a place to work could not be rendered unsafe by one act of negligence of a servant but we do contend that in order to render the place unsafe, for the appellant, so as to hold the appellee liable, the act of such servant itself must have been negligent, so that after all we get back to the question as to whether or not Box was guilty of negligence, why then, the appellee is not liable for making the appellant's place to work unsafe and unsuitable. If such a rule as that were true, then the master could be held liable for the act of the servant, without respect to the nature of the act, whether negligent or not, upon the ground that the place to work was rendered unsafe, but the fallacy of the argument lies in the position or rather in the assumption, that the master could be liable for failure to furnish a safe place to work in the absence of negligence of the servant, and by one act furnish the occasion for the injury. In such circumstances, we respectfully submit that the question necessarily turns upon the negligence of the servant.

We call the attention of the court, in this connection to the authorities. Appellee was not insuring the life

of the appellant. 3 Labatt on Master and Servant, par. 19; *Hatter* v. *I. C. R. R. Co.*, 69 Miss. 642; *Kent* v. *Y. & M. V. R. R.*, 77 Miss. 494; *Ill Cent. R. R.* v. *Wooley*, 77 Miss. 927; 14 Am. & Eng. Ency. of Law, 879.

The appellee is not liable by reason of failure of Mr. Mizell to warn the appellant. We do not exactly appreciate upon what principle the appellant seeks to hold the appellee liable by reason of the allegations contained in the fourth count and discussed in their brief. We can, of course, readily understand how the occasion might arise where it would be the duty of the master to notify a servant of impending danger where the servant was ignorant of the same and the master had notice thereof. It happens, however, that in the present record the nonliability of the appellee on the undisputed facts is absolutely clear. Mr. Mizell was placed upon the stand by the appellant. He testified positively, and his testimony is nowhere disputed, that he was not looking at Box when the logs were released; that he did not know when they were and the first he knew of any danger at all was after the log had been released, and the same was loosed at a time when there was nothing he could have said or done which could have rendered any assistance to the appellant. Under such statement of facts which are shown by the appellee's own testimony and undisputed, it is needless to go into any extended discussion of the authorities.

This case has no basis for liability on the part of the appellee except the bare fact that the appellant was injured in the course of his employment. There is a very wide impression among the laity, which it is claimed is shared in by some courts, that injury to an employee, regardless of the circumstances, should be borne by the industry and made a charge against the public. If this is true then the appellant should be permitted to recover. Otherwise the action of the

court below was right in directing the verdict of the defendant.

We respectfully submit that judgment of the court below should be affirmed.

HOLDEN, J., delivered the opinion of the court.

Appellant Jesse Ellis, sued the appellee, Bear Creek Mill Company a corporation operating a logging railroad by steam agency, for personal injuries received while assisting in the loading of one of appellee's logging cars. After the plaintiff below had introducted all of his evidence the court granted a peremptory instruction to find for the defendant, from which action this appeal is prosecuted here. The facts of the case presented by the plaintiff in the court below are substantially as follows:

Appellee, Bear Creek Mill Company, owned and operated a sawmill near the town of Leaksville, and in connection therewith owned and operated a logging railway over which timber was hauled to its mill. Cars and engines propelled by steam were operated over this logging railway; the logging cars were loaded by means of a steam loader commonly used in loading sawed logs. The loader was connected with a derrick and suspended wire cables, at the end of which were attached steel tongs that were used to grip the logs and raise them from the ground, or from a wagon alongside the track, and place them upon the car; steam power being used for the purpose. The appellee used wagons drawn by oxen to bring the logs from the woods to its tracks, there to be loaded by means of the steam loader onto the cars and then transported over appellee's logging railway to the sawmill plant or to some other point. The appellee had established alongside its tracks certain landings at which logs would be unloaded ordinarily from the wagons onto the ground, and that afterwards,

when the car would be placed at the landing, the logs would be loaded onto the car by means of the steam loader. It appears that whenever there were only a few logs lying at the landing at which a car was being loaded, and the log wagons arrived at the landing with their loads, it was the custom of the appellee to "tong" the logs direct from the wagon and lift them from the wagon directly onto the cars instead of dumping the logs from the wagons to the ground and then loading them on the cars. The landing at the point where appellant was injured was a piece of ground that slanted toward the railroad track, which necessarily caused a wagon to incline when standing unloading logs at this landing.

The appellant, Ellis, was an employee of the appellee corporation and was known as a "tonger;" his duties required him under his employment to fasten the tongs, which were attached to the wire cables on the loading machine, to the logs in order that the logs could be then hoisted by means of the derrick and the steam loader onto the log cars of the appellee. At the time of the injury appellant and others of the loading crew were engaged in loading one of the cars of the logging train which had been placed, as a part of the train, alongside the landing referred to, and which was drawn by a steam engine, when and where one Hub Box, an employee of the appellee, who was driving a team regularly for appellee, drove his ox team and loaded log wagon up to and alongside the landing; the wagon was loaded with logs and there was one log lying upon the top of the load which was held onto the wagon by means of the loading chain which was fastened about the logs and to the wagon on the driver's side. The bed of the wagon was loaded with three logs, which were held on the wagon by short bumpers. Two logs were then on top of the three logs, and one log on top of the two logs, making the logs fit rather in a pyra-

mid shape, and around this was fastened the chains to hold the logs securely while being hauled from the woods to the track. Appellant at the time was tonging a log from the landing under the direction of a Mr. Mizzel, an engineer of appellee, and as he fastened the tong to the log and gave the signal to the engineer while facing the loader, Box unfastened or unloosed the chains which held the top log on the wagon thereby releasing the log and permitting it to roll off of the wagon. Appellant, with his back to the wagon and ignorant of what was going on behind him and before he knew it, was struck in the back by the falling log, from which he suffered serious bodily injury.

The appellee contends that the peremptory instruction given for the defendant below was warranted upon the facts of the case for two reasons: First, because appellant's injury was not caused by a fellow servant engaged at the time in the hazardous employment of operating the cars of appellee railroad; second, that the injury was not caused by the negligence of Box, the employee of appellee and fellow servant of appellant, Ellis.

Box was undoubtedly an employee of appellee and a fellow servant of appellant Ellis. At the time of the injury he was performing the duties of his employment, which were to haul logs upon appellee's wagons from the woods to the railway track of appellee, where they would be loaded upon the cars to be transported to some other point on the railroad. His duties required him to properly load and haul the logs to certain established landings near and alongside the track and there unload them on the ground, to be afterwards loaded in cars by means of steam derrick and tongs, or where frequently the logs would be tonged and lifted directly from the wagon to the car, which was done in this instance. Box had six logs on his wagon to be loaded upon the car which was being loaded by appel-

lant. Appellant was engaged about his duties loading the car under the direction of a superior officer, and while he was facing the loader with his back to the wagon Box placed the loaded wagon alongside the landing by the car that was being loaded by appellant, who was standing on the ground near the wagon and the car. After the loaded wagon stopped Box unloosed the chains which were fastened around the logs to hold them securely on the wagon, so that the logs could be loaded upon the car either by lifting them directly from the wagon to the car with the steam loader, or if no car had been there waiting then the logs would be unloaded onto the landing alongside the track to be subsequently loaded upon the cars. When Box unloosed the chains which were fastened around the logs to hold them securely upon the wagon, the top log rolled off to the ground and struck appellant, Ellis, in the back and severely injured him.

We understand the contention of counsel for appellee is that, while Box was a fellow servant of the appellant, Ellis, and was an employee of a corporation operating a railroad by the dangerous agency of steam, within the meaning of chapter 194, Acts of 1908, still the appellant, Ellis, cannot recover in this case because his injury was not due to the negligence of a fellow servant engaged at the time in the hazardous employment of operating the cars of the appellee logging railroad company. In other words, the contention of counsel for appellee is that Box was a mere log hauler, whose business was simply to haul logs from the woods to the tracks of appellee and there unload them, and then his duty was at an end; that therefore in doing this work he was at no time engaged directly or indirectly in the operation of the cars of the appellee railroad company, and appellant, Ellis, cannot recover for the negligence of a fellow servant who was not connected with the operation of the railroad.

We here set out section 1, chapter 194, Laws of 1908:
"Every employee of a railroad corporation and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed."

In passing upon this question, we do not think it necessary for us to go any further at this time than to say that under chapter 194, Acts of 1908, as construed by this court in *Hunter v Ingram-Day Lumber Co.,* 110 Miss. 744, 70 So. 901, and where a similar statute was construed in *Railroad Co. v. Pontius,* 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675, the appellant, Ellis, was injured while engaged in and about the operation of the appellee's logging railway operated by the dangerous agency of steam. The law is well settled that the loading of logs upon one of appellee's cars to be transported to some other point was such employment as to make the appellant engaged in the operation of the road. While the appellant was thus engaged in the operation of the railroad he was injured by the negligence of Box, a fellow servant, who may have been engaged about a different piece of work or in another department of labor from that of the appellant, yet Box was performing one of the duties incidental to the operation of the railroad; and while this fellow servant Box may not have been assisting directly in the loading of the cars, and for that reason was not engaged in operating the railroad, still his employment was closely connected with that of appellant, and his negligence was one of the risks and perils incident to the employment of the appellant, Ellis, in loading the

logs upon the appellee's cars. For that reason we think there can be no question about the case of appellant coming within the Act of 1908, chapter 194.

There is no occasion for us to decide the question now as to whether or not the fellow servant Box was actually engaged in loading the logging car at the time of the injury. Nor do we decide whether under the statute appellant could recover in a case where he was injured by the negligence of a fellow servant regardless of the character of employment of the fellow servant. We may point out, however, that when Box placed the wagonload of logs at the landing so that they might be loaded upon the car, and when he unloosed the chains which fastened the logs together so that the loading of the logs into the car could be accomplished, either directly from the wagon or from the ground, there arises from the facts a serious question as to whether or not Box was actually employed at the time in loading the car, and thus engaged in the hazardous employment of operating the railroad propelled by the dangerous agency of steam; or whether that fact could make any difference if appellant alone was in the designated class of railroad employees and was injured by a fellow servant, is a question equally as serious.

On the second contention made by the appellee, we cannot see much room for discussion of the point. We are clearly of the opinion that under the facts shown by the plaintiff, that is, that Box drove the wagon up to the landing and unfastened the chains holding the logs, knowing, or should have known, that the appellant and the other employees were near the wagon and the car, and also knowing the slanting condition of the ground, and the condition of the logs on the wagon, a question of fact is presented for the determination of the jury as to whether or not Box was negligent, in whether he knew, or should have known, that when

he unloosed the chain the top log would roll off onto the appellant and injure him.

The lower court erred in granting the peremptory instruction to the defendant, and for this error the judgment of the lower court will be reversed and the case remanded.·

*Reversed and remanded.*