J. J. NEWMAN LUMBER CO. *v.* FERRELL.

[94 South, 791. No. 23127.]

MASTER AND SERVANT. *Fellow servant's negligence in handling cross-ties for lumber company's logging railroad held actionable under statute.*
Under Laws 1908, chapter 194 (Hemingway's Code, section 6684), abrogating the fellow-servant rule as to employees of railroads, where a lumber company furnished a locomotive and work train for the use of its steel gang in constructing and repairing the track of its logging railroad, and plaintiff, a member of this steel gang, was engaged in loading cross-ties onto a flat car of this work train, and, while so engaged, was injured as a result of the negligence of a fellow servant employed by the company to place the cross-ties in a position to be immediately loaded on the cars by plaintiff, he can recover for such injuries, since he was engaged in and about the operation of the railroad when injured, and the fellow servant was discharging duties incident to the operation of the railroad and so

closely connected with plaintiff's work of loading the cars that the fellow servant's negligence was one of the risks and perils incident to plaintiff's employment.

APPEAL from circuit court of Lamar county.

HON. G. WOOD MAGEE, Special Judge.

Suit by Jim Ferrel against the J. J. Newman Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Tally & Mayson,* for appellant.

Is the defendant liable because it owned and operated a road and the appellee was in its employ? If it be held that the injury must proximately arise out of the operation of the train or cars then the demurrer should have been sustained and also the motion to exclude the testimony should have been sustained. If on the other hand, it be held that anyone in the employ of a railroad or others operating a railroad is entitled to recover without reference to how the accident happened, then this case should be affirmed. The appellee was certainly not injured by any perils or hazards attending the operation of the train. If he is entitled to recover under this state of facts it must be admitted that those who work around depots and assist in loading empty cars should have a right to recover in the event they are hurt. Also those after the cars are unloaded who move freight in and about the depot and in the wareroom on trucks or other instrumentalities in the event they are injured by a co-laborer are entitled to recover.

This court held, in the case of *Lockman* v. *A. & V. Ry. Co.,* 116 Miss. 773, 77 So. 793, that the lower court erred in taking the case away from the jury. In this case the injured party was engaged in tearing up track and moving it away. He was injured by an unusual jerk or jar of the car.

The fact that the car was moved or was jerked, carried with it the presumption that the cause of it was the motive power inherent in the engine. We take it that if the de-

fendant in that case had shown that the car was not moved by the usual motive power, the case would not have been reversed but the court would have held that the statute was not applicable and the plaintiff. could not recover. However, that is a much stronger case than the instant case. Neither moving nor stationary cars or engines were the proximate' cause of the appellee's injury but it was brought about by an agency distinct and independent of any movement of that kind. We therefore respectfully insist, first, that the demurrer should have been sustained and the declaration quashed, but since the demurrer was overruled we insist that the defendant's motion to exclude should have been sustained.

Appellee's instruction No. 3 of course should not have been given because not at all applicable to the facts. It tells the jury amongst other things that if plaintiff was required to undergo the railroad hazard and that his duties required him to work on and about defendant's railroad cars and that they were propelled by the dangerous agency of steam and that in passing cross-ties from behind by two fellow servants that the plaintiff was injured while exercising reasonable care for his own safety, then he is entitled to recover. This instruction is faulty for many reasons. In the first place it was a question of law for the court to determine what a railroad hazard was. In the second place it does not state that the injury must have been proximately caused by the movement of the train and in the third place it is not applicable at all to the facts in the case. Until the legislature broadens the scope of the statute and extends it to all injuries arising where parties are employed by a railroad, then and not until then çan recovery be had under facts similar to the case at bar. Counsel must have had in view the statutes of other states. In North Carolina and Georgia the question of employment determines whether or not there can be a recovery. If the parties are employed by the railroad and are hurt, it is immaterial how they got hurt provided it was done in the service of the railroad. We do not find though that

any other states have statutes as broad as those just mentioned.   At the time of the decision of the court in the case of *Givins* v. *Railroad Company,* 94 Miss. 830, 49 So. 180, 22 L. R. A. (N. S.) 971, the statute was held not to extend to handcars though a handcar ran on tracks and was propelled by lever power.   It took an enlarging enactment of the legislature to include handcars.   We take that as an evidence of the fact that it is not the policy of our court to extend the scope of the statute beyond its terms; that is to hold it applicable to states of fact other than those when the accident happens or the injury occurs by a movement of a train of cars or a car on tracks propelled by power of one of the agencies designated in the statute.   We therefore respectfully submit that this case ought to be reversed and dismissed.

*Hall & Hall,* for appellee.

There are three alleged errors assigned by the appellant all of which resolve themselves into the one proposition as to whether or not under the facts above stated the appellee is entitled to recover from appellant on account of the negligence of a fellow servant.

Chapter 194, Laws of 1908 (Sec. 6684, Hemingway's Code) provides: "Every employee of a railroad corporation and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agency of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed.  .  .  .

Opposing counsel contend that appellee is not entitled to recover because he was not injured by the actual movement of the train.   It will be noticed that this statute does not say that the injury must be sustained by reason of the actual movement of a train, but it says, in substance, that

every employee of any corporation which uses locomotives, etc., shall be entitled to recover from the employer for the negligence of a fellow servant. *Hunter* v. *Ingram Day Lumber Company,* 70 So. 901, 110 Miss. 774.

Opposing counsel have once before endeavored to get this court to hold that the fellow-servant rule is abrogated only where an employee is injured by the actual movement of a train; in the case of *J. J. Newman Lumber Company* v. *Irvin,* 79 So. 2, 118 Miss. 59, which case was appealed by opposing counsel, the record shows that an employee was injured by means of a steel cable attached to a skidder; the skidder was operated by steam power but was anchored or tied to the track and was stationary during the operation, and this court held that it is not necessary that an employee should be injured by the actual movement of a train before he is entitled to recover but that the statute abolishing the fellow-servant rule "was meant to protect all employees subject to the peculiar hazards incident to the operation of railroads," regardless of whether the injury was inflicted by the running of a train or not. *Ellis* v. *Bear Creek Mill Company,* 78 So. 706, 117 Miss. 742. The case of *Lockman* v. *A. & V. Railroad Company,* 77 So. 793, 116 Miss. 773, is directly in point and is controlling on the issue here presented. *Hunter* v. *Ingram-Day Lumber Company,* 110 Miss. 744, 70 So. 901, and *Railroad Co.* v. *Pontius,* 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675.

The authorities above cited are identically in point and absolutely settle in our favor, the question raised by appellant; we stand squarely upon the law laid down above, and respectfully insist that in the light of these authorities the appellee clearly made out a case of negligence as shown by the record here; this being true the appellant's motion to exclude in the lower court was properly overruled. A reading of the declaration shows that all the facts necessary for a recovery under the authorities cited, are clearly stated, and that the demurrer to the declaration was therefore properly overruled.

COOK, J., delivered the opinion of the court.

The plaintiff, Jim Ferrell, instituted this suit against the J. J. Newman Lumber Company, defendant, for damages for personal injuries sustained by him while employed by defendant, and from a judgment for plaintiff for the sum of two thousand dollars this appeal was prosecuted.

The defendant offered no testimony, and the facts established by plaintiff's evidence are substantially as follows: The appellee was employed by appellant as a laborer in a steel gang or crew engaged in constructing and repairing the track of appellant's logging railroad. The appellant furnished this crew with a work train consisting of cars and a locomotive propelled by the agency of steam, and appellee worked on and about this train at all times. As a part of the equipment of this work train, there was a flat car on which was stationed a device known as a "rail machine," which was likewise propelled by steam. At one end of the flat car on which this rail machine was located, there was an appliance or attachment which extended from the floor of the flat car down to the rails of the railroad track. This appliance carried revolving endless chains, which were likewise operated by steam, and it was used to load cross-ties and rails onto the flat cars. The cross-ties were stacked in piles along the right of way near the railroad track, and in loading them on the flat cars it became necessary for certain employees to carry these ties, one at a time, and place them on and across the rails of the track, while two other employees stood at the foot of these revolving chains, one employee on each side of the track, to pick up the ties from the rails and place them on these chains by which they were carried up onto the flat car. The rail machine and cars were attached to a locomotive by which they were slowly moved along the track so that the foot of these chains or loading device would be constantly near the ties as they were placed on the rails ahead of the train.

On the occasion when the appellee was injured he was engaged at work at the foot of these revolving chains, and

it was his duty to move with the train along the railroad track on one side thereof, and, in conjunction with his working partner on the other side of the track, to pick up the cross-ties from off the track and place them on said. chains. Two other employees in this crew of workmen were engaged in picking up the cross-ties piled along the right of way and in carrying them to, and placing them across, the track so that the appellee and his partner could then place them on the said chains. While the appellee was thus engaged in the discharge of his duties, the two employees who were placing the ties on the track negligently threw a cross-tie onto the track so that it caught appellee's hand between the end thereof and another tie which appellee was then loading onto the rail machine, and as a result appellee's hand was badly crushed and mangled.

The appellant seeks a reversal of this case upon three grounds, all of which in the final analysis resolve themselves into the one contention that, under the facts above stated, the appellee is not entitled to recover from appellant for injuries sustained on account of the negligence of a fellow servant.

We think this contention of appellant is foreclosed by the cases of *Hunter* v. *Ingram-Day Lumber Co.,* 110 Miss. 744, 70 So. 901; *Lockman* v. *A. & V. R. Co.,* 116 Miss. 772, 77 So. 793; and *Ellis* v. *Bear Creek Mill Co.,* 117 Miss. 742, 78 So. 706.

Chapter 194, Laws of 1908 (Hemingway's Code, section 6684), provides:

"Every employee of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas,. gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed."

It cannot be doubted that appellee was injured while engaged in and about the operation of appellant's logging railroad. He was required at all times to work in and about this train of cars, and at the time he was injured he was engaged in the actual work of loading cars to be transported to points along the line of railroad, and which were at that time being operated and moved by the dangerous agency of steam. His co-laborers who were placing the cross-ties across the track, and within appellee's reach, were performing duties incidental to the operation of the railroad and the loading of cars; in fact, they were performing a necessary part of the work of loading cars, and if it can be said that these employees were not engaged directly in loading the cars, still they were performing duties so closely connected with those of appellee in loading these cross-ties upon the appellant's cars that their negligence was one of the risks and perils incident to such employment, and we think this case comes within the provisions of chapter 194 of the Laws of 1908.

In the case of *Hunter* v. *Ingram-Day Lumber Co., supra,* it was held that it is not necessary in order for a person to recover under the terms of the fellow-servant statute of 1908 that such person be injured by the actual running or movement of the cars; the court there using the following language:

"The entire system that appellee had in operation at the time the appellant was injured was an arrangement to load cars that were propelled by steam and run on tracks, and the plaintiff at the time of his injury was engaged in loading one of appellant's cars on the railroad in question. It is not necessary in order for a person to recover under the terms of the fellow-servant statute of 1908 that such person be injured by the actual running or movement of the cars. The legislature, acting within its discretion, has determined that all persons working in and about the operation of railroad trains are engaged in a hazardous business and are entitled to the protection afforded by the statute in question. All work in and around

the operation of railroad trains is necessarily dangerous, whether that work has to do with the movement of cars or the loading of same, or any other employment in the operating department of a railroad."

The case of *Ellis* v. *Bear Creek Mill Co., supra,* is a case in which the facts are very similar to the facts in the present case, and the court there said:

"While the appellant was thus engaged in the operation of the railroad, he was injured by the negligence of Box, a fellow servant, who may have been engaged about a different piece of work or in another department of labor from that of the appellant, yet Box was performing one of the duties incidental to the operation of the railroad; and while this fellow servant, Box, may not have been assisting directly in the loading of the cars, and for that reason was not engaged in operating the railroad, still his employment was closely connected with that of appellant, and his negligence was one of the risks and perils incident to the employment of the appellant, Ellis, in loading the logs upon the appellee's cars. For that reason we think there can be no question about the case of appellant coming within the Act of 1908, chapter 194."

It follows from the views herein expressed that the judgment of the court below must be affirmed.

*Affirmed.*