EDWARD HINES LUMBER CO. *v.* HARRIEL.

(Division B.   Dec. 17, 1934.)

[158 So. 146.   No. 31423.]

T. J. Wills, of Hattiesburg, and T. W. Davis, of Purvis, for appellant.

Gex & Gex, of Bay St. Louis, and J. M. Morse, of Poplarville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Nathan Harriel, was plaintiff in the court below and brought suit against the appellant for personal injuries, and recovered a judgment for one thousand dollars, from which this appeal is prosecuted.

The declaration alleged that the appellant was engaged in the sawmill business and used a skidder on which the appellee was employed to work, under the supervision of the skidder foreman, as drum operator, for the purpose of drawing logs from the woods to the appellant's private logging tracks, the appellant having a private logging railroad line to carry logs to its mill. It was alleged that the appellee was employed to operate a drum on which the lines, after having been hitched to the logs in the woods, wound around in bringing the logs in from the woods to the track. The particular skidder involved in this case had two booms in each of which was operated two lines, so that there were four lines. The drums on the skidder were operated by a stationary steam engine located on the skidder, which was located upon the tracks and could be moved from place to place. The steam power was applied by a long iron shaft with a handle thereon to be manipulated by each man operating the drum. The steam was turned on by turning this shaft with the handle by the employee operating the drums which were controlled by a

friction lever so that they could be made to run slow or fast, or could be stopped by removing the friction. It was further alleged that the friction lever was an old homemade one and was built in such manner that the person, whose duty it was to operate the drums, had to stoop over to set the lever so as to bring his face in close proximity to the main, or throttle, lever. It was further alleged that the appellee had stooped over to operate the friction lever and a fellow employee operating the other lever on the shaft, without warning, pulled the lever, causing the throttle lever to be pulled up with the turning of the shaft, and struck the appellee in the face, breaking his jawbone and knocking several teeth loose and breaking them out.

A plea of the general issue was filed by the defendant, appellant here, with two special pleas, the first of which alleged that the plaintiff ought not to recover because he was in charge of the machinery, voluntarily operating same, and had full knowledge of its condition and assumed the risk, and the second of which alleged that the plaintiff was injured by the act of a fellow servant, for which injuries the plaintiff was not entitled to recover.

The lawsuit was tried by the defendant in the court below upon the theory that the plaintiff (appellee here) was not, at the time of the injury, employed in operating the skidder on behalf of the appellant, or employed by it at all.

There was great conflict in the evidence upon this point, the evidence introduced for the appellant being persuasive to show that the plaintiff was not employed by it at all, and that his name was not upon the pay rolls, and there was also proof by a physician named in the bill of particulars filed by the plaintiff as being the physician who treated him, that this physician was not employed by the plaintiff and did not treat the plaintiff, appellee here.

However, there were several witnesses who supported

the contention of the plaintiff by their testimony, and the issue thus presented was one for the jury.

The appellant requested a peremptory instruction which was refused, and two other instructions were likewise refused. The first of these refused instructions was to the effect that, if the jury should find, from the evidence, that the plaintiff was the engineer voluntarily operating the engine engaged in skidding logs for the defendant company, with full knowledge of its defective condition, then the plaintiff could not recover, and, in that case, it was the duty of the jury to find for the defendant.

The other refused instruction charged the jury that, if they believed from the evidence that the plaintiff received the injury complained of, but that the injury was caused by the negligence of the fellow servant, Tate Harriel, plaintiff was barred from recovering, and it would be the duty of the jury to find for the defendant.

Section 6154, Code 1930, chapter 194, Laws 1908, provides that every employee of a railroad corporation, or any other corporation or individual, using engines, locomotives, or cars of any description, propelled by steam, electricity, gas, gasoline, or lever power, and running on tracks, shall have the same rights and remedies for injuries caused by the railroad corporation, etc., or their employees, as are allowed by law to other persons not employed. It is further provided that knowledge by the injured employee of the defective or unsafe condition as to the machinery or appliances shall not be a defense to an action caused thereby, except as to conductors or engineers in charge of such unsafe cars or engines voluntarily operated by them. The evidence here shows that there was a foreman in charge of the skidder operations who had charge of the persons operating the drums.

It is contended by the appellant that the appellee, taking all the evidence as true, was voluntarily operating the drum and had full knowledge of its defects, and that

he was not entitled to recover because he was in charge under the statute above mentioned. In the case of St. Louis & S. F. R. Co. v. Guin, 109 Miss. 187, 68 So. 78, it was held that, where a plaintiff yard foreman was acting under the orders of his superior, he was not a "conductor," so that plaintiff injured while on duty was entitled to recover, and that the doctrine of assumption of risk did not apply to him. In that case the party injured was operating a switch engine in the yard of a railroad company, engaged in moving cars, and the court held that he was not a conductor or engineer in charge within the meaning of the law upon that subject. In the opinion in the Guin case, quoted from the case of Yazoo & M. V. R. Co. v. Parker, 88 Miss. 197, 40 So. 746, 747, the court held that the terms "engineers" and "conductors," as understood in section 193 of the Constitution, which is the same as section 6154, Code 1930, had reference to the terms as used and understood at the time of the adoption of the Constitution.

We are of the opinion that the Guin case is controlling here, and that the appellee was not an engineer within the meaning of these statutes.

It is also contended by the appellant that the operation of the skidder, as above described, does not bring it within the contemplation of the statute above mentioned. The appellant says that we came very near deciding it in the case of New Deemer Mfg. Co. v. Alexander, 122 Miss. 859, 85 So. 104, but that we have not so decided, and that the cases hereinbefore decided upon the point can be accounted for consistently with the appellant's contentions.

In our opinion, this question is set entirely at rest by the cases of Hunter v. Ingram-Day Lumber Co., 110 Miss. 744, 70 So. 901; New Deemer Mfg. Co. v. Alexander, supra; Ellis v. Bear Creek Mill Co., 117 Miss. 742, 78 So. 706, and J. J. Newman Lumber Co. v. Irving, 118 Miss. 59, 79 So. 2.

Under these decisions, the instructions referred to were properly refused. We find no reversible error in this case, and the judgment of the court below will be affirmed.

Affirmed.